UNITED STATES of America, Plaintiff–Appellee,

v.

Darrell G. JONES, Defendant–Appellant.

No. 12–30112.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 4, 2013.

Filed March 20, 2013.

Michael Symington Morgan, Assistant U.S., Helen J. Brunner, Esquire, Assistant

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S., Stephen P. Hobbs, Special Assistant U.S., Jill Aiko Otake, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert Harris Gombiner, Law Offices of Robert Gombiner, Seattle, WA, for Defendant–Appellant.

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

### MEMORANDUM *

Darrell Jones (Jones) appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We affirm.

1. In its closing argument, the government advanced plausible interpretations of the evidence rather than misleading the jury or impugning the defense. *See United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir.2008) (explaining that no prosecutorial misconduct occurs when reasonable inferences are argued from the evidence). Neither did the government improperly vouch for Deputy Lee. *See United States v. Brooks*, 508 F.3d 1205, 1209 (9th Cir. 2007) (describing improper vouching as "plac[ing] the prestige of the government behind a witness" or indicating that evidence not before the jury bolsters the witness' testimony).

2. The district court properly determined that the no-contact violation evidence was admissible for the purpose of

\* This disposition is not appropriate for publication and is not precedent except as provided

presenting the background facts leading to Jones' arrest. *See United States v. De-George*, 380 F.3d 1203, 1220 (9th Cir.2004) (describing the admission of evidence that is "inextricably intertwined" with the charged offense). Because the district court limited use of the no-contact violation and performed the balancing test under Federal Rule of Evidence 403, no abuse of discretion occurred. *See id.*

3. In the alternative, evidence of the no-contact violation was admissible under Rule 404(b) to establish Jones' motive for attempting to hide the gun when he saw the police. *See* FRE 404(b) (providing that proof of other acts may be admitted to prove motive).

4. The district court gave a limiting instruction to the jury that the crime could only be considered for motive, intent, or knowledge. *See United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir.2004). Because the evidence was admissible to prove Jones' motive, the district court's instruction was appropriate. *See id.*

**AFFIRMED.**